IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02549-RMR-NRN

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

'MURICA, LLC, d/b/a STARLITE STATION,

Defendant.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S PARTIAL MOTION TO DISMISS
(Dkt. #22)**

---

**N. Reid Neureiter
United States Magistrate Judge**

This case is before the Court pursuant to an Order (Dkt. #23) issued by Judge Regina M. Rodriguez referring Defendants Defendant 'Murica, LLC d/b/a Starlite Station's (hereafter "Starlite" or "Defendant") Partial Motion to Dismiss ("Motion to Dismiss"). (Dkt. #22.) Plaintiff Equal Employment Opportunity Commission (hereafter "EEOC" or "Plaintiff") filed a response (Dkt. #39), and Defendant filed a reply (Dkt. #42) and a supplement to the Motion to Dismiss (Dkt. #50), to which the EEOC responded. (Dkt. #56.) The Court heard argument from the parties (*see* Dkt. #49), and has taken judicial notice of the Court's file, considered the applicable Federal Rules of Civil Procedure and case law. As set forth below, the Court **RECOMMENDS** that the Motion to Dismiss (Dkt. #22) be **GRANTED IN PART** and **DENIED IN PART**.

## I. LEGAL STANDARDS

Defendant seeks partial dismissal under Federal Rules of Civil Procedure 12(b)(1) and (b)(6).

**a. Rule 12(b)(1)**

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). Statutes conferring subject matter jurisdiction on federal courts are to be strictly construed. *F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "[T]he party invoking federal jurisdiction," generally the plaintiff, "bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Rule 12(b)(1) allows Defendants to raise the defense of the Court's "lack of subject-matter jurisdiction" by motion. Fed. R. Civ. P. 12(b)(1).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A facial attack "questions the sufficiency of the complaint," and when "reviewing a facial attack . . . a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). When reviewing a factual attack, courts cannot "presume the truthfulness of the complaint's factual allegations," and may consider documents outside the complaint without converting the motion to

dismiss into a motion for summary judgment. *Ratheal v. United States*, No. 20-4099, 2021 WL 3619902, at *3 (10th Cir. Aug. 16, 2021) (unpublished). Here, Defendant makes a factual attack on subject matter jurisdiction, so the Court can consider documents outside of the EEOC's Complaint.

**b. Rule 12(b)(6)**

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to

relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the Court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, the Court may consider documents incorporated by reference, documents referred to in the complaint that are central to the claims, and matters of which a court may take judicial notice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Publicly filed court records are subject to judicial notice. *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979); *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007); *Trusdale v. Bell*, 85 F. App'x 691, 693 (10th Cir. 2003).

## II. BACKGROUND

The following factual allegations[1] and procedural history are relevant to the disposition of Defendant's Motion to Dismiss.

The EEOC initiated this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 on September 29, 2022. (Dkt. #1.) The EEOC alleges that Defendant, which operated a restaurant and bar in Greeley, Colorado, subjected its employees to sexual discrimination, a hostile work environment, and retaliation by firing, disciplining, and filing civil lawsuits against those who opposed its unlawful employment practices. Several employees filed charges of discrimination with the EEOC alleging violations of Title VII, including Casey Zook, Caitlin Betz, Michael Chacon, Chase Decker, Gary DeJohn, Alycia Ramos, and Elizabeth Grant (the "Charging Parties").

The Complaint describes numerous instances in which Defendant's co-owner, James Jennings, sexually harassed staff and created a toxic work environment. Jennings is alleged to have made discriminatory sex-based comments about female job applicants and employees to male employees, including Mr. Decker, and frequently made unwanted physical contact with female staff. (*Id.* at 5–8, ¶¶ 29–44.) Jennings also made sexual advances towards and pursued romantic relationships with several female employees. (*Id.* at 9, ¶ 53.) For example, the EEOC alleges that Jennings touched Ms. Betz's breasts, buttocks and other body parts without consent and then failed to

---

[1] Unless otherwise noted, all allegations are taken from the EEOC's Complaint (Dkt. #1) and are presumed to be true for the purposes of this motion to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

5

promote her from "shot girl" to bartender when she rebuffed his advances. (*Id.* at 10–11, ¶¶ 65–73.)

The EEOC also alleges that on January 15, 2019, Jennings had sexual intercourse with Ms. Ramos on Defendant's premises when Ms. Ramos was too intoxicated to consent, and that Ms. Ramos was forced to work and interact with Jennings at work afterwards against her wishes. (*Id.* at 11–12, ¶¶ 74–88.)

Several employees learned of the incident involving Jennings and Ms. Ramos and voiced objections to Jennings' harassment. In March 2019. Ms. Ramos filed a police report after Defendant terminated her because she refused to meet with Defendant's attorneys. (*Id.* at 13–14, ¶¶ 93–104.) Defendant informed the other complaining employees that they had violated company policy by "gossiping" and Defendant's attorneys sent cease and desist letters to former employees, including Charging Parties Decker, DeJohn, and Zook, to recant or delete public statements made about Jennings' behavior. (*Id.* at 14, ¶¶ 101–105.)

On January 15, 2020, Defendant and Jennings filed a lawsuit in Weld County, Colorado District Court pursuing defamation and other tort claims against Charging Parties Betz, Decker, Ramos, Zook, Grant, and DeJohn, along with other former employees of Defendant (the "Weld County Action"). (*Id.* at 18, ¶ 141.) Defendant settled its claims with certain Charging Parties, including Grant, DeJohn, and Zook, on January 5, 2021. (*Id.* at 19, ¶ 147.) The EEOC alleges that these settlement agreements include terms that retaliate against the Charging Parties for having engaged in protected activity and unlawfully restrict and interfere with the Charging

6

Parties' participation and cooperation with EEOC investigation. (*Id.* at 19–20, ¶¶ 148–149.)

Defendant filed the subject motion on January 6, 2023. (Dkt. #22.) In it, they argue in part that the Court lacks subject matter jurisdiction over claims brought by the EEOC concerning Alycia Ramos, Caitlin Betz, and Chase Decker because these individuals had private discrimination suits already pending in the Weld County Action. On June 14, 2022, prior to the filing on this lawsuit, these Charging Parties asserted in in the Weld County Action counterclaims against Defendant for hostile work environment and retaliation. (*See* Dkt. #22-3.) Defendant contends that the Tenth Circuit forbids the EEOC from bringing suit based on a complainant's charge if the complainant has already filed a private action.

In opposing Defendant's Motion to Dismiss, the EEOC noted that Ms. Ramos, Ms. Betz, and Mr. Decker had moved to intervene in this case (*see* Dkt. ##28–30) and, if intervention were allowed, they would seek to dismiss the state court claims and proceed here.

On April 4, 2023, Defendant informed the Court that Ms. Ramos, Ms. Betz, and Mr. Decker had entered into settlement agreements with Defendant in which all claims were released. (*See* Dkt. ##50, 50-1.) The Weld County Action was dismissed with prejudice on April 3, 2023 (*see* Dkt. #50-2), and Ms. Ramos, Ms. Betz, and Mr. Decker withdrew their motions to intervene. (Dkt. #61–63.)

### III. ANALYSIS

Defendant's Motion to Dismiss seeks partial dismissal of three claims/remedies brought by the EEOC. First, as noted above, Defendant argues that the EEOC's claims

7

brought based on the charges of Ms. Ramos, Ms. Betz, and Mr. Decker should be dismissed for lack of subject matter jurisdiction. Second, Defendant asserts that the EEOC's injunctive relief is insufficiently pled because it seeks to enjoin certain actions by non-parties. Third, Defendant claims that the EEOC has failed to allege facts necessary to pierce the corporate veil. The Court will address each in turn.

### a. The Preclusive Effect of the State Court Counterclaims

Defendant first argues that the EEOC cannot asserts claims based on the EEOC charges filed by Ms. Ramos, Ms. Betz, and Mr. Decker because "these individuals have already asserted Title VII claims concerning the same or similar allegations in the Weld County Action." (Dkt. #50 at2, ¶ 6.) Had the Court issued this Report and Recommendation prior to April 2023, it would have to agree with Defendant. However, given that Ms. Ramos, Ms. Betz, and Mr. Decker settled their claims and the Weld County Action is closed, the Court rejects Defendant's position as moot.

42 U.S.C.A. § 2000e-5(f)(1), § 706(f)(1) of the Civil Rights Act of 1964, as amended, provides as follows:

> (f) Civil action by Commission, Attorney General, or person aggrieved.
>
> (1) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d), the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court. The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision. If a charge filed with the

8

> Commission pursuant to subsection (b) is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d), whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security. Upon timely application, the court may, in its discretion, permit the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, to intervene in such civil action upon certification that the case is of general public importance. Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending the termination of State or local proceedings described in subsections (c) or (d) of this section or further efforts of the Commission to obtain voluntary compliance.

Tenth Circuit authority is clear that under this provision, a private Title VII action against an employer terminates the EEOC's power to bring an action of its own based on the same charges. In *Equal Employment Opportunity Commission v. Continental Oil Co.*, 548 F.2d 884, 889 (10th Cir. 1977), the Tenth Circuit reasoned that allowing the EEOC to file suit upon the charge of an individual despite the previous filing of a lawsuit by that individual would "emasculate" the statutory grant of permissive intervention as well as the directive that the case be certified as of general public importance. Thus, "the statutory provision for intervention must be read as the exclusive procedure by which the EEOC may participate in a previously filed private lawsuit under § 706(f)(1) in order to give it significance." *Id.; see also E.E.O.C. v. Duval Corp.*, 528 F.2d 945, 948–49 (10th Cir. 1976) ("Multiplicity of actions is prevented during the 90-day period

9

because when one of the parties sues, the other is limited to possible participation only through intervention.").

Apparently, ours is the only circuit to "have taken so clear-cut a position in opposition to the view of those courts holding that the EEOC has a qualified right to file an action subsequent to a private suit." Russell J. Davis, Annotation, *Authority of Equal Employment Opportunity Commission under § 706(f)(1) of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C.A. § 2000e-5(f)(1)), to bring civil action against nongovernmental respondent after private suit involving same charge has been filed*, 39 A.L.R. Fed. 282 (Originally published in 1978). However, the reasoning of *Continental Oil* presupposes that there is a private suit in which the EEOC can ask to participate. Here, the Weld County Action has been dismissed. Thus, the danger of rendering § 706(f)(1)'s intervention provision superfluous no longer exists. This lawsuit can no longer be said to be duplicative of the Weld County Action and therefore cannot be grounds for dismissal under Rule 12(b)(1).

In its supplemental briefing, Defendant states, without providing further argument or authority, that the settlement agreement and the termination of the Weld County Action "renders any claims/charges with the EEOC moot and fully satisfied." While the settlement agreement may limit the scope of relief the EEOC can seek, it does not deprive the Court of subject matter jurisdiction, which the basis of Defendant's Motion to Dismiss. In short, the factual basis upon which Defendant challenged this Court's subject jurisdiction has changed and no longer applies. Accordingly, this portion of Defendant's Motion to Dismiss should be denied as moot.

The Court further notes that the EEOC's Complaint alleges that similar settlement agreements Defendant entered into with Charging Parties Grant, DeJohn, and Zook were, in themselves, unlawful and retaliatory. If it chooses, the EEOC can and should be permitted to amend its pleading to allege likewise as to the settlement agreement signed by Charging Parties Ramos, Betz, and Decker.

**b. Injunctive Relief**

In its Prayer for Relief, the EEOC seeks "a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, *attorneys*, *and all persons in active concert or participation with it*, from engaging in any employment practice that discriminates on the basis of sex"; and "a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, *attorneys and all persons in active concert or participation with it*, from engaging in any employment practice that retaliates against any employee for engaging in protected activity under Title VII." (Dkt. #1 at 27, ¶¶ (A), (B) (emphasis added).) Defendant argues that because the EEOC is seeking to enjoin the actions of non-parties to this litigation—specifically (and especially) Defendant's counsel—it must meet a heightened standard.

The Court finds this argument premature. The EEOC's Prayer for Relief language tracks the language specifying who may be bound by an injunction under the Federal Rules of Civil Procedure*. See* Fed. R. Civ. P. 65(d)(2) ("**Persons Bound**. The order binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."). It does not request specific injunctive relief or

11

identify any non-party the EEOC presently seeks to bind. The EEOC has not filed a separate injunction motion to enjoin Defendant or its agents from any actions. And, as Defendant asserts in its own motion regarding the EEOC's purported attempt to pierce the corporate veil, a requested remedy is not the same as a claim for relief. Injunctive relief, like any remedy, is obtainable only upon a finding of liability. The Court will not decide at the Rule 12(b)(6) stage whether injunctive relief is appropriate, or against whom, or in what manner, if any, it should be fashioned.

### c. Piercing the Corporate Veil

The EEOC's Complaint requests as relief that the Court "[e]nter equitable remedies, including piercing the corporate veil of Defendant and/or ordering *alter ego* liability as to Defendant's members/owners as allowed by law and equity . . . ." (Dkt. #1 at 29 ¶ M.) Defendant argues that piercing the corporate veil is a claim for relief, not a remedy, and must be separately pled as an independent cause of action. The EEOC counters that piercing the corporate veil is not a separate cause of action and that it should be permitted to develop the factual and legal bases for the theory of liability during discovery.

Regardless of whether it is labelled a "claim" or a "remedy," "a plaintiff seeking to pierce the corporate veil must, at a minimum, include allegations of alter ego status in the complaint." C*lassic Bicycle Racing, LLC v. Exergy Dev. Grp. of Idaho*, *LLC*, 2014 WL 2593404, at *2 (Colo. Dist. Ct. Jan. 28, 2014) (citing *LaFond v. Basham*, 683 P.2d 367 (Colo. App. 1984)); *see also Vail Summit Resorts, Inc. v. Zip-Flyer, LLC*, 2020 WL 3469703 at *4 (D. Colo. 2020) (analyzing whether the plaintiff had plausibly pleaded the

*remedy* of piercing the corporate veil). Here, the EEOC fails to adequately plead allegations sufficient to sustain a remedy or claim for piercing the corporate veil.

In determining whether to pierce the corporate veil, the Court must consider whether "(1) the corporate entity is an alter ego or mere instrumentality; (2) the corporate form was used to perpetrate a fraud or defeat a rightful claim; and (3) an equitable result would be achieved by disregarding the corporate form." *Martin v. Freeman*, 272 P.3d 1182, 1184 (Colo. App. 2012). To determine alter ego status, courts consider various factors, including whether the entity operates as a distinct business entity, assets or funds are commingled, proper corporate records are maintained, the nature and form of the entity's ownership and control facilitate insider misuse, the business is thinly capitalized, the entity is used as a mere shell, legal formalities are disregarded, and entity funds or assets are used for non-entity purposes." *Id.* at 1184–85.

The EEOC's Complaint merely alleges that James Jennings is a co-owner of Defendant and had an active role in hiring and supervising employees. It is silent as to how the business's funds and assets were managed and used or how its records were maintained. Put differently, the EEOC does not allege that Jennings (or any other owner) used the corporate form to "perpetrate a fraud or defeat a rightful claim" such that justice requires piercing the corporate veil.

The EEOC may find evidence in discovery supporting a veil-piercing theory and may seek leave to amend to add an alter ego theory under which individuals may be held liable for Defendant's unlawful employment practices, but it has not sufficiently pled such a theory at this stage.

## IV. RECOMMENDATION

It is hereby **RECOMMENDED** that Defendant's Partial Motion to Dismiss (Dkt. #22) be **GRANTED IN PART** and **DENIED IN PART** such that Plaintiff's claim/remedy for piercing the corporate veil be **DISMISSED WITHOUT PREJUDICE**, but **DENIED** in all other respects.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.***, 183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse***, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:   July 24, 2023
         Denver, Colorado

N. Reid. Neureiter
United States Magistrate Judge