IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02549-RMR-NRN

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

'MURICA, LLC, d/b/a STARLITE STATION

    Defendants.

## MOTION TO AMEND THE SCHEDULING ORDER TO EXTEND THE DEADLINE FOR AMENDING PLEADINGS, AND FOR LEAVE TO AMEND COMPLAINT

Plaintiff Equal Employment Opportunity Commission ("EEOC") hereby moves, pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave of Court to file the Amended Complaint, attached as Exhibit A. Given the liberal standard governing amendments of pleadings, the EEOC's motion should be granted pursuant to 15(a)(2). In addition, because the deadline for amendment of pleadings has passed, the EEOC also moves pursuant to Federal Rule of Civil Procedure 16(b)(4) to amend the scheduling order to extend the deadline for amendment of pleadings.

### RELEVANT FACTS

The EEOC filed this lawsuit on September 29, 2022. ECF 1. The deadline for amendment of pleadings passed on February 27, 2023. ECF 27. On September 25, 2023, the Court entered an Order adopting the Magistrate Judge's Report and Recommendation, and thus dismissed the EEOC's requested remedy for piercing the corporate veil. ECF 99, adopting ECF 82. The dismissal, however, was without prejudice, with the Report and Recommendation expressly

recognizing the EEOC's ability to gather additional evidence in discovery and later amend its complaint:

> The EEOC may find evidence in discovery supporting a veil-piercing theory and may seek leave to amend to add an alter ego theory under which individuals may be held liable for Defendant's unlawful employment practices, but it has not sufficiently pled such a theory at this stage.

ECF 82 at 13.

Since the Court's order entered on September 25, 2023, the EEOC has gathered facts to support a remedy of veil piercing. First, in October 2023, the EEOC subpoenaed banking records of Defendant 'Murica, LLC from the credit union that housed the corporate accounts, then deposed the credit union in November 2023. In December 2023 and January 2024, the EEOC issued subpoenas to eleven outside institutions to obtain additional information about specific payments made from the Defendant's corporate accounts. For example, where the corporate records showed payments to Homepoint, a home mortgage finance company, the EEOC subpoenaed records from Homepoint. Since issuing these subpoenas, the EEOC has continued to gather, review, and analyze the responsive records produced.

## LEGAL ANALYSIS

**A. Good Cause Exists to Extend the Deadline for Amending the Complaint.**

Once the deadline for amending the pleadings has passed, "a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quotation marks and brackets omitted). The referenced Rule 15(a) standard is that a party may amend a pleading only with the opposing party's written consent or leave of court, which is to be "freely give[n] when justice so requires." Fed.R.Civ.P. 15(a)(2). Similarly, Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and

with the judge's consent." Fed. R. Civ. P. 16(b)(4). To satisfy Rule 16(b)(4), a movant must show that the scheduling deadlines "cannot be met despite the movant's diligent efforts." *Seale v. Peacock*, 32 F.4th 1011, 1030 (10th Cir. 2022) (quotations omitted). Information learned through discovery that justifies amendment of the complaint also constitutes good cause for amending the scheduling order. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

In this case, the Court has already recognized that additional evidence supporting veil piercing would constitute good cause for amending the complaint outside the deadline. Although the scheduling order in this case set a deadline of February 27, 2023 for amending the pleadings and joinder of parties, ECF 27, the Court's subsequent order in September 2023 (adopting the Magistrate Judge's Report and Recommendation), expressly recognized that the EEOC could still seek to amend its complaint to add the corporate-veil-piercing allegations, after gathering the necessary evidence in discovery. ECF 99 at 5, adopting ECF 82 at 13 ("The EEOC may find evidence in discovery supporting a veil-piercing theory and may seek leave to amend to add an alter ego theory. . ."). In addition, it was not until months after the February 2023 deadline that the EEOC's request for veil-piercing relief was dismissed without prejudice to refile, which potential for refiling obviously could not be done by the deadline that had already passed. The Court's own order is sufficient basis alone to find good cause for amending the scheduling order to extend the deadline for amending the complaint.

There is, however, additional good cause for amending the scheduling order. At the time of the initial deadline in February 2023, the EEOC had not yet discovered the facts set forth in the amended complaint that support veil piercing. Thus, there was no cause to amend the complaint until the remedy for veil piercing was dismissed without prejudice in September 2023, and the facts supporting veil-piercing were discovered in the subsequent months. After the

3

remedy was dismissed without prejudice, the EEOC was diligent in seeking facts to support the remedy, taking only five months to issue over a dozen subpoenas, conduct a deposition, and analyze voluminous banking records. The new information discovered constitutes good cause for amending the scheduling order. *Pumpco*, 204 F.R.D. at 668.

Additional considerations also weigh in favor of amending the scheduling order to allow amending the complaint. In particular, no additional time for discovery is sought at this time based on the proposed amendment, and no other deadlines would be disturbed by extending the deadline for amending the complaints. Also, the EEOC has not made any previous request to amend the complaint.

For all of the foregoing reasons, the EEOC respectfully requests that based on good cause established, the Court amend the scheduling order to extend the deadline for amendment of pleadings, or grant leave for the EEOC to amend the complaint outside the existing deadline.

**B. The Court Should Grant Leave to Amend the Complaint**

Rule 15 of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend] when justice so requires." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). The Supreme Court has recognized that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, the Tenth Circuit has emphasized that "[t]he purpose of [rule 15(a)] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). And in the Title VII context in particular, the Tenth Circuit explained that Congress intended for courts adjudicating Title VII claims to "use wide discretion in exercising equitable powers with the goal

4

of fashioning the most complete relief possible." *Trujillo v. Longhorn Manufacturing Company, Inc.*, 694 F.2d 221, 225 (10th Cir. 1982).

Based on the Rule 15 standard to "freely give leave if justice so requires", the Tenth Circuit has held that "[r]efusing leave to amend is generally *only* justified upon a showing of *undue* delay, *undue* prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993) (emphasis added). Here, none of the conditions exist to justify denying leave to amend. Nevertheless, we address each below.

First, the EEOC's motion is filed shortly after discovering new facts, and thus is timely. *See Pumpco*, 204 F.R.D. at 669; *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, No. 14-CV-03417-LTB, 2016 WL 1375561, at *2 (D. Colo. Apr. 6, 2016) (finding that granting leave to amend was appropriate where facts were newly discovered). Here, the EEOC obtained access to Defendant 'Murica's corporate accounts, deposed the credit union that held the corporate accounts, issued over a dozen subpoenas, and analyzed voluminous financial records produced. Upon finding sufficient information to support veil piercing, the EEOC promptly filed this motion, seeking leave to amend its complaint. To the extent there was delay, it was due to the Defendant being without counsel, the principals being non-responsive, and Mr. Jennings failing to appear for the scheduled Rule 30(b)(6) deposition. There has been no undue delay. *Frank*, 3 F.3d at 1365.

Second, there is no undue prejudice to Defendant 'Murica or the two proposed additional defendants, Jennings and Clayburgh. With respect to amending a complaint, any asserted prejudice usually relates to the ability to obtain discovery regarding the new allegations. For example, in *Pumpco*, the court held there was no prejudice to defendants because the facts were newly discovered, no trial date was set, and if any prejudice existed, it could be cured by

5

reopening discovery. *Pumpco*, 204 F.R.D. at 669. By contrast, in *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998), the court held the defendant *would* be unduly prejudiced by the amendment because discovery had closed months earlier, many key witnesses would have to be redeposed, and the proposed amendment was not based on newly discovered facts. Another consideration is that a current defendant is not prejudiced by adding defendants who may be liable based on piercing the corporate veil. *See Albuquerque Bernalillo Cnty. Water Util. Auth. v. CalMat Co.*, No. CV 06 - 0754 BB/ACT, 2007 WL 9650091, at *2 (D.N.M. Feb. 12, 2007).

Here, as in *CalMat*, Defendant 'Murica is not prejudiced by adding two defendants who may be liable based on veil piercing. And as in *Pumpco*, the amendment is based on newly discovered facts, with no trial date set, so that if there is any prejudice to Defendant 'Murica or proposed defendants Jennings and Clayburgh, the prejudice can be cured with additional discovery. The EEOC, however, is not seeking to extend discovery. And unlike the facts in *McKnight*, here, the amendment is based on newly discovered facts, discovery remains open until April 1, 2024 with the potential for extension if appropriate, and no witness will be redeposed. Thus, there is no undue prejudice.

Third, there is no evidence of bad faith or dilatory motive. The EEOC is not seeking to extend discovery or otherwise delay the progress of this case. The EEOC is only seeking to amend the complaint as expressly contemplated by the Court's September 2023 Order.

Fourth, there have been no previous amendments, and thus no failure to cure deficiencies by amendments previously allowed.

Last, the proposed amendment is not futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v.*

6

*Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). To make a non-futile amendment supporting piercing the corporate veil, a plaintiff need only make "assertions which track the elements of the corporate veil theory." *CalMat Co.*, 2007 WL 9650091, at *2 (allowing the plaintiff to amend its complaint to add a defendant and a claim for piercing the corporate veil where it alleged that a company was dominated by its parent company, was operated as the parent company's alter ego, and was merely an instrumentality of the parent company, with supportive facts).

In determining whether to pierce the corporate veil, the Tenth Circuit applies a two-part analysis: "(i) was there such unity of interest and lack of respect given to the separate identity of the corporation by its shareholders that the personalities and assets of the corporation and the individual are indistinct, and (ii) would adherence to the corporate fiction sanction a fraud, promote injustice, or lead to an evasion of legal obligations." *N.L.R.B. v. Greater Kan. City Roofing*, 2 F.3d 1047, 1052 (10th Cir.1993) (citations omitted). A number of factors assist in determining the first prong, whether separate identities were maintained: "(1) whether a corporation is operated as a separate entity; (2) commingling of funds and other assets; (3) failure to maintain adequate corporate records or minutes; (4) the nature of the corporation's ownership and control; (5) absence of corporate assets and undercapitalization; (6) use of a corporation as a mere shell, instrumentality or conduit of an individual or another corporation; (7) disregard of legal formalities and the failure to maintain an arms-length relationship among related entities; and (8) diversion of the corporation's funds or assets to noncorporate uses." *Cherry Creek Card & Party Shop, Inc. v. Hallmark Mktg. Corp.*, 176 F. Supp. 2d 1091, 1096 (D. Colo. 2001) (citing *Greater Kan. City Roofing*, 2. F.3d at 1052 n. 6).

In the EEOC's proposed amended complaint, the new allegations track the elements required to pierce the corporate veil. To support the first prong, the EEOC alleges that the corporation was undercapitalized with only $105 in its account at opening, that the co-owners repeatedly comingled corporate and personal funds and used corporate funds for personal mortgages and a vehicle loan, failed to maintain separate identities by using personal social media and emails to promote the business, allowed Jennings to dominate and control the corporation, and failed to maintain corporate formalities.

As to the second prong, the EEOC alleges that piercing the corporate veil is necessary to prevent 'Murica, LLC and its owners, Jennings and Clayburgh, from evading the legal obligations incurred by the corporation as a result of Jennings' own sexually discriminatory and harassing treatment of the people employed by the corporation. In particular, Defendant claims to have no corporate assets, which is corroborated by the fact that Starlite Station has been closed since 2021 and the corporate bank account indicates no remaining cash assets. Defendant also represented that all furnishings, inventory, and other property assets in the bar itself were stolen.[1] These facts, together with facts showing that Jennings and Clayburgh used corporate assets to pay for their own personal expenses, support a conclusion that adherence to the corporate fiction will lead to an evasion of Defendant 'Murica's legal obligations to compensate the aggrieved individuals for the harm caused by Jennings, the individual the corporation put in charge of the business.

These factual allegations, tracking the elements of proof to pierce the corporate veil, are more than sufficient to withstand a motion to dismiss, such that amendment of the complaint will not be futile. *See CalMat Co.*, 2007 WL 9650091, at *2.

---

[1] The EEOC has not been able to corroborate this assertion. We did, however, submit a Colorado Open Records Act request to the city police department for all police reports associated with Starlite Station and James Jennings, who did not provide any reports of a theft.

Accordingly, for all the foregoing reasons and pursuant to Fed.R.Civ.P 15(a), the court should freely give leave for the EEOC to amend its complaint, and grant leave for EEOC to serve and file its proposed amended complaint attached as Exhibit A.

**Certification of compliance with D.C.Colo.L.R. 7.1:** The EEOC emailed Mr. Jennings on Thursday, February 29, 2024, advising that the EEOC intended to seek leave of court to amend the EEOC's complaint, and asked that Mr. Jennings provide his position by the following Monday, March 4, 2024. Mr. Jennings did not respond, and has not responded since November 16, 2023 to any of the numerous emails and voicemails left by EEOC counsel.[2] The EEOC assumes that Starlite takes no position on this motion.

Respectfully submitted this 8th day of March, 2024.

*s/ Jillian Edmonds*
Jillian Edmonds, Trial Attorney
Karl Tetzlaff, Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Denver Field Office
950 17th Street, Suite 300
Denver, CO 80202
Phone (Edmonds): (720) 329-0821
Phone (Tetzlaff): (720) 779-3619
jillian.edmonds@eeoc.gov
karl.tetzlaff@eeoc.gov

Paula Salazar, Trial Attorney
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012
Phone: (602) 661-0021
paula.salazar@eeoc.gov

*ATTORNEYS FOR PLAINTIFF*

---

[2] On January 31, 2024, Mr. Jennings contacted an EEOC litigation support specialist because he was unable to open discovery materials the EEOC had produced. EEOC counsel reached out to Jennings to either assist him in opening the materials or reproduce them in a way he could access. He did respond.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2024, I served the foregoing on the following by electronic mail to the following e-mail addresses:

James Jennings
2416 27th Avenue Pl
Greeley, CO 80634
Phone: 706-326-2458
Email: james_e_jennings@yahoo.com

Della L. Clayburgh
933 Clarendon Ave
Sheridan WY 82801
Phone: 307-751-5499
Email: ldclayburgh@gmail.com

Defendants, Co-owners of 'Murica, LLC

                                                                 */s/ Jillian Edmonds*
                                                                 Trial Attorney