IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.: 22-cv-02549-GPG-NRN**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**,

    Plaintiff,

v.

**'MURICA, LLC d/b/a STARLITE STATION**, a Colorado Limited Liability Company; **JAMES JENNINGS**, and **LOU DELLA CLAYBURGH**, a/k/a **DELLA CLAYBURGH**

    Defendant.

**ANSWER TO AMENDED COMPLAINT, DEFENSES/AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendants James Jennings and Lou Della Clayburgh a/k/a Della Clayburgh, by and through their attorneys at FLANDERS, ELSBERG, HERBER & DUNN, LLC, respectfully file this *Answer to Amended Complaint, Defenses/Affirmative Defenses and Jury Demand* stating as follows:

1. All paragraphs in any section of this pleading are incorporated in every other section by reference.

2. Defendants answer Plaintiff's Amended Complaint filed April 11, 2024 ("Complaint") as set forth below.

3. Any allegation of the Complaint not otherwise addressed in this pleading is denied.

**ANSWER**

4. Defendants admit paragraphs 5, 6, 13, 14, 15, 27, 76, 81, 92, 110, 112, 114, 116, 117, 119, 120, 124, 137, 144, 150, 154, 155, 156, 169, 175, 178, 179, 182.

5. Defendants deny paragraphs 7, 8, 9, 12, 18, 21, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 78, 79, 80, 84, 85, 86, 88, 89, 91, 94, 95, 97, 98, 99, 100, 101, 102, 103, 104, 118, 121, 122, 125, 128, 130, 131, 132, 133, 134, 135, 137, 138, 139, 141, 142, 143, 145, 147, 148, 149, 151, 152, 158, 160, 161, 162, 163, 165, 166, 167, 168, 171, 172, 173, 174, 177, 179, 180, 181, 182, 183, 184, 185, 186, 187, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 227, 228, 229.

6. Defendants are without information sufficient to admit or deny the allegations in paragraphs 4, 10, 16, 19, 23, 24, 25, 90, 93, 96, 108, 109, 111, 123, 127, 136, 140, 157, 164, 170, 176 and therefore deny the same.

7. Paragraphs 188, 200, 212, 226 do not require a response. To the extent a response is required, Defendants deny them.

8. Paragraphs 1, 2, 3, 11, call for legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

9. In response to paragraphs 16, 17, 20, 106, 113, 115, 125, 128, 129, 153, Defendants states that the referenced document speaks for itself. These paragraphs are otherwise denied to the extent they misstate the document(s).

10. In response to paragraph 22, Defendants deny the allegations with regard to the dates alleged. All other allegations are admitted.

11. In response to paragraph 26, Defendants deny the allegations to the extent one or more of the referenced "Charging Parties" were not employees of 'Murica, LLC, and admits all other allegations.

12. In response to paragraph 77, Defendants admit Alycia Ramos was hired by 'Murica, LLC as a "shot girl" but lack sufficient information or knowledge to admit or deny the date on which she was hired, and therefore denies the same.

13. In response to paragraph 82, Defendants admit that Mr. Jennings was present at Starlite Station on January 15, 2019 but deny all other allegations.

14. In response to paragraph 83, Defendants admit Mr. Jennings had sexual intercourse with Alycia Ramos in the office at Starlite Station on January 15, 2019 but deny all other allegations.

15. In response to paragraph 87, Defendants admit a security camera captured the sexual intercourse between Mr. Jennings and Alycia Ramos but deny all other allegations.

16. In response to paragraph 99, Defendants admit that several employees refused to work but deny all other allegations.

17. In response to paragraph 105, Defendants admit the alleged individuals were provided with certain counseling documents but deny that said documents were disciplinary documents.

18. In response to paragraph 107, Defendants admit that Alycia Ramos falsely accused Mr. Jennings of rape/sexual assault to the Greeley Police Department but lack sufficient information of knowledge to admit or deny all other allegations, and therefore deny the same.

19. In response to paragraph 108, Defendants admit that attorneys sent cease and desist letters. For all other allegations, the referenced document(s) speak for themselves. The allegations are otherwise denied to the extent they misstate the document(s).

20. In response to paragraph 126, Defendants admit that a document entitled "Climate Survey" was distributed to employees but denies all other allegations.

21. In response to paragraph 132, Defendants admit that Ms. Grant was informed that she had violated company policy and could be subject to discipline but deny all other allegations.

22. In response to paragraph 146, Defendants admit the allegations insofar as the Weld County lawsuit was filed due to false statements/allegations of rape/sexual assault but deny all other allegations.

23. In response to paragraph 159, Defendants admit that 'Murica, LLC unsuccessfully attempted to lease a new location and denies all other allegations.

24. Defendants deny that Plaintiff is entitled to the relief requested in its Prayer for Relief.

## DEFENSES/AFFIRMATIVE DEFENSES

25. All paragraphs of this pleading are incorporated here by reference

26. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

27. One or more of Plaintiff's claims, elements, or damages may be barred, reduced, or limited by res judicata and/or collateral estoppel due to the litigation and/or settlement in the 19th Judicial District of Colorado (Weld County) Case No. 2020CV30046.

Case No. 1:22-cv-02549-GPG-NRN   Document 161   filed 01/16/25   USDC Colorado
pg 5 of 8

28. One or more of Plaintiff's claims, elements, or damages may be barred, reduced, or limited by setoff/offset, recoupment, and/or double recovery due to the litigation and/or settlement in the 19th Judicial District of Colorado (Weld County) Case No. 2020CV30046.

29. Plaintiff's and/or charging parties' claims for damages may be barred, in whole or in part, by their failure to mitigate their damages, the existence of such damages Defendants expressly deny, by among other things, failing to act with reasonable diligence with regard to wages that could have been earned.

30. One or more of Plaintiff's claims, elements, or damages may be barred, reduced, or limited because 'Murica, LLC, as an entity, is not and was never an alter ego of any person or other entity, or mere instrumentality thereof.

31. One or more of Plaintiff's claims, elements, or damages may be barred, reduced, or limited because the personalities and assets of 'Murica, LLC and the Defendants are distinct.

32. One or more of Plaintiff's claims, elements, or damages may be barred, reduced, or limited because piercing the corporate veil of 'Murica, LLC would not sanction a fraud, promote injustice, or lead to an evasion of legal obligations.

33. One or more of Plaintiff's claims, elements, or damages may be barred, reduced, or limited because no equitable result would be achieved by disregarding 'Murica, LLC's corporate form.

34. The individual actions of the alleged aggrieved individuals identified in Plaintiff's Complaint are the cause of any damages that resulted from the decisions of those employees who chose to voluntarily terminate their own employment, and/or who were separated from employment due to failure to meet performance and/or behavior standards.

35. Defendants acted in good faith, had reasonable grounds for believing their actions were not in violation of any law, and have made good faith efforts to comply with the law.

36. Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, estoppel, release, waiver, or unclean hands, including but not limited to certain "charging parties'" malicious dissemination of false allegations of rape against Mr. Jennings made solely to obtain money from 'Murica, LLC and/or Mr. Jennings, and/or the litigation and settlement in the 19th Judicial District of Colorado (Weld County) Case No. 2020CV30046.

37. Any special damages Plaintiff and/or charging parties seek that they have not pled with specificity are barred.

38. The amount of damages recoverable by Plaintiff and/or charging parties, if any, are limited by statute.

39. Plaintiff and/or charging parties failed to exhaust administrative remedies, including but not limited to, the EEOC failed to conciliate in good faith with 'Murica, LLC, in violation of 42 U.S.C. 2000e-5, and failed to exhaust administrative remedies with regard to any individuals identified as charging parties who did not file any charges of discrimination with the EEOC.

40. Any alleged damages should be reduced to the extent of any collateral source payments or recoveries attributable to the alleged damages, including but not limited to settlement and consideration received in the 19th Judicial District of Colorado (Weld County) Case No. 2020CV30046 or otherwise.

41. The EEOC failed to fulfill the conditions precedent to initiating this lawsuit because the scope of the EEOC's Complaint exceeds the scope of the underlying charges.

42. All or some of Plaintiff's and/or charging parties' claims may be barred by the applicable statute of limitations, including but not limited to, the extent the EEOC seeks to recover for alleged discrimination which occurred more than 300 days before the underlying filed EEOC charges, such claims are time-barred and should be dismissed.

43. Defendants reserve the right to identify additional defenses as they become known through discovery.

## JURY DEMAND

44. Defendants make a Jury Demand and requests the maximum number of jurors try all matters so triable.

**WHEREFORE**, Defendants having fully answered Plaintiff's Amended Complaint pray this Court enter judgment dismissing Plaintiff's claims with prejudice in their entirety, deny each and every prayer for relief contained in Plaintiff's Amended Complaint, enter judgment in favor of Defendants, and award Defendants their costs, attorney fees, and such other relief as may be appropriate.

**Respectfully submitted on January 16, 2025.**

*s/ Andrew N. Dunkin*
Andrew N. Dunkin
Flanders, Elsberg, Herber & Dunn, LLC
401 Main Street, Suite 1
Longmont, CO 80501
Tel: (303) 776-5380
Fax: (303) 776 8102
Email: andrew@flanderslaw.com
*Attorney for Defendants*

Case No. 1:22-cv-02549-GPG-NRN    Document 161    filed 01/16/25    USDC Colorado
pg 8 of 8


<u>**CERTIFICATE OF SERVICE**</u>:  I hereby certify that a true and correct copy of the foregoing was E-FILED/E-SERVED, E-MAILED, FAXED or placed in the United States Mail, postage prepaid, on this January 16, 2025 to be served to:

Equal Employment Opportunity Commission
Jillian Edmonds
Karl Tetzlaff
Paula Salazar
Equal Employment Opportunity Commission
Denver Field Office
950 17th Street, Suite 300
Denver, CO 80202
jillian.edmonds@eeoc.gov
karl.tetzlaff@eeoc.gov
paula.salazar@eeoc.gov
*Attorneys for Plaintiff*

          *s/ Andrew N. Dunkin*
          Andrew N. Dunkin